FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 26  AM 11: 16

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEAN ALFORTISH | * | CASE NO. 06-8464 |
| | * | |
| Plaintiff, | * | |
| | * | JUDGE MARTIN L.C. FELDMAN |
| versus | * | |
| | * | |
| ENCOMPASS INSURANCE COMPANY | * | MAG. JUDGE DANIEL E. KNOWLES, JR. |
| AND STATE FARM FIRE AND | * | |
| CASUALTY INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, STATE FARM FIRE AND CASUALTY COMPANY (improperly named "State Farm Fire and Casualty Insurance Company" and hereinafter referred to as "State Farm"). State Farm is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") that issued a Standard Flood Insurance Policy ("SFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its

---

1    42 U.S.C. § 4001, *et seq.*

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

"fiduciary"[2] capacity as the "fiscal agent of the United States."[3]  State Farm files this Answer and Affirmative Defenses in response to Plaintiff's Petition for Damages ("Petition") as follows:

## FIRST DEFENSE

Plaintiff's Petition fails to state a claim for which this Court may grant relief.

## SECOND DEFENSE

And now comes State Farm to answer the specific allegations contained in Plaintiff's Petition as follows:

1.

The allegations contained in paragraph I of the Plaintiff's Petition are admitted in part and denied in part.  State Farm admits that it is a foreign insurance company authorized to do and is doing business in the State of Louisiana.  As to the SFIP, at all times relevant, State Farm is a WYO Program carrier participating in the NFIP pursuant to the Arrangement[4] with the Federal Emergency Management Agency ("FEMA").  State Farm denies that "State Farm Fire and Casualty Insurance Company" is the correct named entity and is a proper party defendant in this case.

---

[2]      44 C.F.R. §62.23(f).

[3]      42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

[4]      44 C.F.R. Pt. 62, App. A

2.

The allegations contained in paragraph II of the Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph III of the Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph IV of the Plaintiff's Petition are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

5.

The allegations contained in paragraph V of the Plaintiff's Petition are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

6.

The allegations contained in paragraph VI of the Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph VII of the Plaintiff's Petition are admitted.   The allegations that are directed toward co-defendant Encompass Insurance Company do not require an answer of State Farm.  However, out of an abundance of caution, those allegations are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph VIII of the Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

9.

There appears to be no paragraph IX in the Plaintiff's Petition.

10.

The allegations contained in paragraph X the Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in the first sentence of paragraph XI of the Plaintiff's Petition are admitted, all other allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph XII of the Plaintiff's Petition are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

13.

The allegations contained in the second paragraph VII (apparently mis-numbered and should be XIII) of the Plaintiff's Petition are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact

State Farm denies that the Plaintiff is entitled to the relief sought in the Prayer for Relief following the second number paragraph VII of the Plaintiff's Petition.

**THIRD DEFENSE**

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072. Jurisdiction is also proper pursuant to 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1442 and 28 U.S.C. §1337. Jurisdiction over any state law claims exists pursuant to 28 U.S.C. §1367.

4

**FOURTH DEFENSE**

The responsibilities of State Farm to the Plaintiff, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiff has no cause to complain of the strictures of the NFIP, for he agreed to be bound by all program rules as a condition of the insurance the Plaintiff sought.

**FIFTH DEFENSE**

The "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

**SIXTH DEFENSE**

Plaintiff's SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiff's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiff is seeking under the policy, Plaintiff must meet his burden of proof to establish his pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

**SEVENTH DEFENSE**

Some or all of the Plaintiff's claims are barred by one or more of the SFIP exclusions, limitations or specific non-covered perils authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to the provisions enumerated in Articles III, IV, V and VII, each provision and subpart contained therein is specifically pleaded by reference herein.

## EIGHTH DEFENSE

Plaintiff is charged with knowledge of the requirements and provisions of the SFIP, as the policy is a codified federal regulation, and the National Flood Insurance Act of 1968, as amended, and Title 44 of the Code of Federal Regulations. Plaintiff is under a further duty to familiarize himself with the rules and regulations of the federal program to which he is a participant.

## NINTH DEFENSE

By statute, State Farm is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, State Farm's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

## TENTH DEFENSE

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as 44 C.F.R. Pt. 61, App. A(1), Art. VII(D). State Farm thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

## ELEVENTH DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiff beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and

regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, State Farm asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, State Farm respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

### TWELFTH DEFENSE

Some or all of the damage claimed by the Plaintiff were the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by perils that are not covered (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiff.

### THIRTEENTH DEFENSE

If any of the Plaintiff's damages are a result of a failure by the Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

### FOURTEENTH DEFENSE

State Farm, as a WYO Program carrier, is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under State Farm's logo. State Farm agrees to abide by all rules

and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency when it issues an SFIP. State Farm does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the flood program. The Federal Insurance Administrator is the sole authority.

## FIFTEENTH DEFENSE

Plaintiff did not and cannot rely on any alleged misrepresentations of State Farm. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7), and (8).

## SIXTEENTH DEFENSE

In the event of any recovery by the Plaintiff, State Farm affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

## SEVENTEENTH DEFENSE

If the Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that

8

event (but not until that event) State Farm affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). State Farm affirmatively asserts that the Plaintiff does not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

### EIGHTEENTH DEFENSE

State Farm asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

### NINETEENTH DEFENSE

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, State Farm affirmatively asserts that the scope of the Plaintiff's recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

### TWENTIETH DEFENSE

To the extent that the Plaintiff contests the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then State Farm asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, State Farm prays that the Court order the return by the Plaintiff of any amounts previously

9

paid to the Plaintiff under his SFIP, and that State Farm thereupon reimburse to the Plaintiff his premium payment for the policy term in effect on the date of loss.

## TWENTY-FIRST DEFENSE

All state law based extra-contractual and tort theories arising out of the handling of the claim under the SFIP are preempted and barred by federal constitutional, regulatory and statutory law. Further, because flood claims are paid with U.S. Treasury funds, the claim for interest is barred by the "no interest" rule.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiff against State Farm, with prejudice, and at the Plaintiff's costs.

Dated:  October 26, 2006

Respectfully submitted,
**NIELSEN LAW FIRM, L.L.C.**

Kim Huong A. Tran, La. S.B. #24896
Michael S. Rolland, La. S.B. # 11432
Gerald J. Nielsen, (T.A) La. S.B. #17078
3838 North Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel: (504) 837-2500; Fax: (504) 832-9165
Email: ktran@nielsenlawfirm.com,
mrolland@nielsenlawfirm.com and
gnielsen@aol.comCounsel for Def: State Farm Fire
&Casualty Company

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Filing of Notice of Removal has been served on all counsel of record or parties who have made an appearance in this matter, by hand delivery, facsimile transmission, electronic mail, and/or U.S. certified mail, return receipt requested, this 26th day of October, 2006.

Sean D. Alfortish, Esq. as attorney for Plaintiffs: Sean D. Alfortish
1112 5th Street
Gretna, Louisiana 70053

_____
MICHAEL S. ROLLAND, LA. S.B. 11432

11